The first case for this panel is number 24-2088, United States v. Jesus Maldonado. At this time, would counsel for the appellant please come to the podium and introduce herself on the record to begin. Thank you. My name is Noreen McCarthy and I represent Jesus Maldonado. I'd like to reserve, if I might, three minutes for rebuttal. You can have two minutes. Two minutes. Okay. Let's start with your 2255, which is your federal habeas petition based on a claim of ineffective assistance of counsel. We almost never hear those on direct appeal. You have not explained why we should hear it on direct appeal. Normally, we dismiss that type of claim without prejudice, so you can raise it again if you and your client decide to and develop a record. Okay? So, can we move on from that? Yes, Your Honor. I did want to explain that one of the options the Court does have is if the record is clear that it was ineffective. The record is hardly clear. Yes. I understand that there are some— Then why did you make the argument? Because I think that the record is clear that there were false statements by the prosecutor during sentencing and in the grand jury and during the plea transcript as well. Okay. And you can address that as to your sentencing argument. Correct. Your client pled guilty. Correct. He did not reserve any argument as to grand jury impropriety. Under Supreme Court case law, it's quite clear that those claims have been waived. I understand, Your Honor, and that is one of the issues that goes to the ineffective assistance of counsel argument, the fact that it would be waived if they didn't raise anything below. Which we don't normally hear on direct appeal, so it's circular. So, can we turn to your sentencing argument? Yes, Your Honor. Our sentencing argument is we have a gentleman here who the minimum sentence that he could have gotten was 20 years, and the Court effectively doubled that to 37 and a half years, which in this case is a life sentence for this defendant. He will not be out before he dies. That's clear. He's already now in his mid to late 60s. I think I calculated he would be 99. But in terms of this is your substantive reasonableness argument, I think, and I mean, the lens that we look at the sentence through is did the district court abuse its discretion in coming to the sentence it did, which was within the agreed-upon guideline sentencing range, albeit very much at the high end. But I think the hard part about this is you've really got to point us to something within what the district court did or did not do that establishes that standard, right, the abuse of discretion of the district court. Correct, Your Honor. And not simply saying, well, it was high, it was a lot, that's, that's, is there anything more than that? Well, first of all, we don't believe that the court took into account all of the sentencing factors that it should have, or frankly, any of them except protecting. He said he did, and he specifically discussed your client's difficult childhood and said even accounting for that, you have been a repeat sexual offender with two convictions for prior sexual assaults on minors, and that is the history that I cannot overlook here. So what precisely under the 3553A factors are you relying on? Well, although the court mentioned those, the court really focused on protection of the society, and the prosecutor also argued that... And what is wrong with that? Well, what's wrong with that is that it doesn't make any room for any kind of rehabilitation, and in this case, the prosecutor specifically said, Judge, we hope that he doesn't have any hope to ever get out. That's what we're aiming for here, that he has no hope. Didn't the judge also look at the failure of the prior rehabilitation efforts and so consider that issue? He did, but we, we also have to take into account, although they say that, the most... There had been, I believe it was 11 years between his prior conviction and this conduct here, and this conduct, one thing that bothered me here, and this is where I think it becomes relevant what the prosecutor did say, and we don't really know whether the court relied on this or how much, but it seems as if the court did, that for example, in the sentencing transcript, the prosecutor said that he was affirmatively trolling the internet for young girls, and that clearly was against the evidence. There was no evidence about that. In the grand jury, and in any of the evidence that was submitted, it was that he was communicating with adults, that when he began this communication, he believed the person was 19. Granted, afterwards, he was told that, we acknowledge that, but he was not actually trolling the internet for young girls, and so from the time of the prior conviction, 11 years prior... I'm sorry, at some point, he learned... Correct. On the internet that who he thought he was dealing with was 13 years old... Correct. And he continued? Yes. So what's wrong with the prosecutor's statement? How is that misconduct? Well, he wasn't trolling the internet for young girls. He was trolling the internet, and then he found a victim who was 13 years old. Well, he was... We would object to saying that what she told the court was that he was trolling the internet for young victims, and in fact, he had been communicating with adults until this sting operation. And even when he began this communication, he wasn't trolling the internet for young girls. And my problem with that is I think it makes him sound much more likely to engage in this type of predatory conduct than perhaps what happened here, and that we probably wouldn't be here had it not been for operation. There were similar misstatements in the plea transcript as well where the prosecutor said that they started this sting because they saw that he was communicating with a 14 year old. There's nothing in the evidence for that at all. There's nothing in the pre-sentence report for that. And our concern here is when the stakes are so high that we really are looking at a life sentence, we should not take a blind eye to prosecutorial misstatements that are encouraging the court to impose such a high sentence. That's where I think our problem is. I think we all have to feel that it was done fairly. When we really are taking the rest of somebody's life from them, we have to be clear and sure that it was fair. I'm not trying in any way to condone what my client is alleged to have done. You can finish up. Okay. Is alleged to have done or what he may or may not have done. My concern here is that it was fair when we are really taking somebody's life from them. Do we want it to be because a prosecutor misled the court into believing certain things that simply were not true? And that's our position here. And we believe that that is grounds for this court to at least remand for a fact hearing on this. Thank you. Thank you, counsel. At this time, would counsel for the United States please introduce herself on the record to begin. Good morning. May it please the court. Lauren Zurier representing the United States. The only issue presented properly to this court is the issue of sentencing. And as to that, the only sentencing issue properly raised is the length of the sentence, the substantive reasonableness. Everything else was waived because it wasn't raised below and there was no attempt to address plain error in the opening brief or in the reply brief, actually. There was a gap of 11 years between the conviction and then this crime because the defendant was incarcerated for eight of those years. So obviously couldn't have been looking on the internet for victims during that time. So to say there was a big gap and there's less reason to suspect that he's dangerous to the public is factually incorrect. As far as the prosecutor's statement, he was trolling for victims. Actually, the evidence in the grand jury was that predators like this go on to social media websites and look around for people in the hopes of finding someone who is really underage despite the fact that they lie about their age to have access to that website. And that's a common way. When you say the evidence in the grand jury, do you mean the first grand jury or the second grand jury? We only have the grand jury. But if you look at that, the agent explained that's why the sting was set up in this particular web space because based on the agent's experience, that's how children go on there, lie about their age, and predators knowing that go on there looking for them. And in this case, so it was stated generally, this is what happened. This person did that. Yeah. And in this particular case, as Judge Lynch noted, the purported child noted within, I don't know, a half hour of beginning to chat that she was underage. And the defendant's response was, oh, well, you should be careful. There's lots of men out there who would want to do bad things to you. And then he continued to exchange texts with her that were increasingly sexually graphic, over 700 texts for the next two days. So to say he was looking only for adults simply isn't what the record suggests. I think her point, and you can tell me if I'm wrong, is that the prosecutor sort of stating and arguing that he was affirmatively trolling the web is just sort of pernicious and not really correct, given the evidence in this case. How do you address that? Given his criminal history and given the facts of this case, and if you read those text messages, I don't see how else you could construe it. But even if you consider her statement was hyperbolic, there was no objection by the defense. There was no attempt to correct the record and say that the prosecutor was misstating anything. And the judge, having had the benefit of briefing from both sides and having reviewed the psychosexual history, which conflicted with the evidence that the prosecution presented, made a considered judgment that despite the defendant's claim that he could be rehabilitated and he should be sentenced to the minimum amount, of which I believe was 20 years, that in fact his entire history on the ground, so to speak, was that he could not be rehabilitated and he actually refused to be rehabilitated. There has been no abuse of discretion shown. That's the bottom line. So unless the court has any other questions, the only other point I'd like to make is that I'd like to apologize to the court for my miscitation of the case in my opposition brief. I did file a notice of errata the same day. It was completely inadvertent and there was no attempt to materially misrepresent anything. Thank you very much. Thank you, counsel. At this time, would counsel for the appellant please reintroduce herself on the record? She has a two-minute rebuttal. Thank you. Noreen McCarthy here again for Mr. Maldonado. I think the point, sorry, by the court that the prosecutor didn't just say generally people are trolling or predators are trolling the internet. The prosecutor very clearly said that this defendant was affirmatively trolling the internet. I think that makes a big difference here and we don't know whether the court relied on that or not. Apparently there was no objection, no attempt by defense counsel to put it in the terms that you would like defense counsel to put it in. That is a claim you can then raise later. Correct. That is sort of the second appalling part of this when you have clearly a false statement. So we're to find a judge abused his discretion based on an argument that was never made to him? Well, I think it's more than just that he might have abused his discretion. The court might have abused its discretion. It's whether the court was misled into believing something that simply wasn't true and thus relied on that. And I think that that certainly is something that we need to know whether that is the case or not. Your opponent says if we read the 700 texts that were sent as soon as he learned this was a minor, we would agree with the prosecution's characterization. Why can't that argument be made later? Well, those 700 texts clearly were all after he learned that the person was allegedly 13. But in the record there's also evidence that he was communicating with other adults, other adult women, and exchanging photographs with them. We don't have those texts that the government has. So they might say that this is an exhaustive evidence that he was looking for young people. But he was not just sending photos to this person. He was sending them to everybody that he was communicating with. And that is actually in record. Your time is up. Thank you very much. I appreciate your listening to me. Thank you. Thank you, counsel. That concludes argument in this case.